IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:21-cv-01211 |
| LR 2401 CLUB, LLC, | § § § | |
| Defendant. | § | |

**PLAINTIFF ATLANTIC CASUALTY INSURANCE COMPANY'S
COMPLAINT SEEKING DECLARATORY JUDGMENT**

Plaintiff, Atlantic Casualty Insurance Company (Atlantic Casualty), hereby files its Complaint seeking a declaratory judgment and respectfully shows the Court as follows:

## I.
## PARTIES

1.  Atlantic Casualty is a citizen of North Carolina. It is a North Carolina corporation and has its principal place of business in North Carolina. Atlantic Casualty is not a citizen of Texas.

2.  Defendant LR 2401 Club, LLC (Defendant) is a Texas limited liability company whose sole member is Luis Rangel, a Texas citizen. Defendant's registered agent for service of process is Fisher & Associates, 1305 Prairie Street, Suite 200, Houston, Texas 77002, or wherever it may be found. Defendant's sole member is a Texas citizen and,

therefore, Defendant is a Texas citizen. Defendant is not a citizen of the State of North Carolina.

## II.
## JURISDICTION

3. The Court has jurisdiction over this lawsuit under 28 U.S.C §1332(a)(1) because Atlantic Casualty is a citizen of a different state than Defendant, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Specifically, between two claims filed with Atlantic Casualty, Defendant seeks over $75,000.00, exclusive of interest and costs, for stolen alcohol, stolen cash, repair damages for ATM machines, repair damages for electronic and audio equipment, and building repair damages.

4. The Court has personal jurisdiction over Defendant because Defendant is a citizen of Texas and does business in Texas.

## III.
## VENUE

5. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (2). A substantial part of the property and events giving rise to the dispute occurred in this judicial district, as the property damage appraisal dispute that is the subject matter of this action relates to property located in Harris County, which is in this district and division.

## IV.
## FACTS

6. Defendant was issued a policy of insurance by Atlantic Casualty (P053000245-0, effective 10/28/2019 to 7/17/2020) (the Policy).

7.  Following alleged criminal activity on or about February 19, 2020, the Defendant made a claim with Atlantic Casualty in connection with a building located at 2401 San Jacinto Street, Houston, Texas 77002 (the Property). Following alleged criminal activity on April 15, 2020, the Defendant made a second claim with Atlantic Casualty in connection with the Property.

8.  Atlantic Casualty's claim investigation via a third-party adjuster initially concluded that Defendant asserted a claim for various damages as a result of these alleged criminal events. Accordingly, Atlantic Casualty requested pertinent documentation from Defendant which would substantiate Defendant's claims and alleged damages.

9.  To date, Defendant has not provided all necessary and relevant documentation. Additionally, much of the documentation which Defendant has provided to Atlantic Casualty to date is irrelevant to the claims at issue. For example, Defendant provided many receipts for the purchase of alcohol which are invoiced to an entity other than Defendant. Namely, these receipts are invoiced to "The Richland," which is neither an entity associated with Defendant (according to Secretary of State records for Defendant) nor an insured under the Policy. Thus, these receipts are irrelevant both to Defendant's claims and to coverage as provided under the Policy.

10.  As part of Atlantic Casualty's continued investigation into Defendant's claims, Atlantic Casualty's Special Investigations Unit (SIU) conducted an investigation. The SIU investigation not only confirmed the above-referenced discrepancy regarding purchase and ownership of the allegedly stolen alcohol, but also discovered an additional

discrepancy regarding ownership of the allegedly damaged ATM machines. The SIU investigation also revealed additional discrepancies.

11. These discrepancies and the continued lack of necessary documentation ultimately led Atlantic Casualty to request an Examination Under Oath (EUO) of Defendant.

12. On September 22, 2020, Atlantic Casualty sent written correspondence re-requesting certain documents, advising Defendant of its duty to cooperate in the investigation, and requesting an EUO of Mr. Rangel on behalf of Defendant for October 13, 2020.

13. On October 1, 2020, Defendant confirmed via text message to an SIU investigator a correct email address to which Atlantic Casualty should send the September 22nd correspondence. Atlantic Casualty subsequently sent the September 22nd correspondence to the provided email address.

14. On October 6, 2020, Defendant confirmed receipt of the September 22nd correspondence via text message to an SIU investigator.

15. Despite efforts to confirm Mr. Rangel's attendance as the representative for Defendant, Mr. Rangel did not appear for the scheduled EUO or provide the documents requested. See Exhibit A.

16. On October 23, 2020, Atlantic Casualty sent written correspondence re-requesting certain documents, re-advising Defendant of its duty to cooperate in the

investigation, and advising Defendant that its failure thus far to participate in the scheduled EUO and cooperate with the investigation constitutes a breach of the Policy.

17.     In November 2020, various individuals connected to Defendant sent text messages requesting to speak with Counsel for Atlantic Casualty (Atlantic Casualty subsequently provided Counsel's contact information) and indicating that Defendant would neither comply with Atlantic Casualty's requests nor cooperate with Atlantic Casualty's investigation.

## V.
## DECLARATORY JUDGMENT

18.     Atlantic Casualty now seeks a declaration that Defendant's actions and inactions to date preclude coverage for the claims. Specifically, Defendant's lack of cooperation with the investigation and apparent inability to provide requested necessary and relevant documentation preclude Atlantic Casualty's ability to provide coverage for the alleged damages which Defendant allegedly suffered as a result of two alleged criminal events.

19.     Atlantic Casualty brings this claim for declaratory judgment under both Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202.

20.     The Policy contains the Builders and Personal Property Coverage Form CP 00 10 10 12, which has the following language regarding Defendant's duties in the event of loss or damage:

> ***BUILDING AND PERSONAL PROPERTY COVERAGE FORM***
>
> *. . .*
> *E. Loss Conditions*
> *The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.*
>
> *. . .*
> *3. Duties In The Event Of Loss Or Damage*
>    *a. You must see that the following are done in the event of loss or damage to Covered Property:*
>
> *. . .*
>
> *(5) At our request, give [Atlantic Casualty] complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.*
>
> *. . .*
>
> *(7) Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.*
> *(8) Cooperate with us in the investigation or settlement of the claim.*

\* \* \*

21. To date, the Defendant has not provided complete inventories or sufficient proof of the specified warrant central station alarm that was fully active and licensed by the state has not provided all necessary and relevant information which Atlantic Casualty has requested, and has not cooperated with Atlantic Casualty's investigation and attempts at settlement of the claims.

22. The Coverage Form also states as follows regarding Atlantic Casualty's right to an Examination Under Oath:

> ***BUILDING AND PERSONAL PROPERTY COVERAGE FORM***
>
> *. . .*
> *3. Duties In The Event Of Loss Or Damage*
>
> *. . .*
>
> *b. We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an*

> *insured's books and records. In the event of an examination, an insured's answers must be signed.*

\* \* \*

23. The Defendant failed to appear for an EUO which was scheduled for October 13, 2020. The Defendant received Atlantic Casualty's letter scheduling this EUO, yet neither informed Atlantic Casualty that Defendant would not attend nor attempted to reschedule.

24. Atlantic Casualty is thus unable to settle Defendant's claims and therefore coverage should be precluded. As a result, Atlantic Casualty seeks a declaration that it has no duty to indemnify for any of the claims asserted by Defendant.

## VI.
## PRAYER

25. For the reasons set forth above, Atlantic Casualty asks for judgment against the Defendant LR 2401 Club, LLC for:

    a. A declaration that Atlantic Casualty has no duty to indemnify LR 2401 Club, LLC;

    b. Costs of court; and

    c. All other relief deemed appropriate by the Court.

Respectfully submitted.

SAVRICK, SCHUMANN, JOHNSON,
MCGARR, KAMINSKI & SHIRLEY, L.L.P.

By: *Camille Johnson*
Camille Johnson, attorney-in-charge
State Bar No. 10686600
S.D. Bar No. 16414
Francesca A. Di Troia
State Bar No. 24097596
S.D. Bar No. 3278381
4621 Ross Avenue, Suite 300
Dallas, Texas 75204
Phone: (214) 368-1515
Fax: (214) 292-9647
Email: camille@ssjmlaw.com
Email: francesca@ssjmlaw.com

**ATTORNEYS FOR PLAINTIFF, ATLANTIC CASUALTY INSURANCE COMPANY**